IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JASON J. ANGEL and MORGAN ANGEL, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | No. 3:09CV00018 SWW |
| | * | |
| BNSF RAILWAY COMPANY, ET AL., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**Memorandum Opinion and Order**

Before the Court is the motion of separate defendants Billy Hancock and Billy Varnell to stay or dismiss this action because of a parallel state court proceeding in Missouri. Plaintiffs responded in opposition to the motion, and defendants filed a reply to the response. For the reasons stated below, the motion is denied.

**Background**

Plaintiffs filed an action in the Circuit Court for St. Louis County, Missouri, (hereinafter referred to as the "Missouri Action") on October 1, 2008. Separate defendant Varnell filed a motion on or about October 8, 2008, to dismiss the Missouri Action on the basis of lack of personal jurisdiction. *See* Defs.' Mot. for Abstention, Ex. A.[1]  On October 10, 2008, plaintiffs filed the instant case, alleging negligence under the Federal Employers Liability Act ("FELA") as

---

[1]From statements in the pleadings, it seems there are other motions pending as well, challenging jurisdiction and venue. *See* Pl's. Mem. in Opposition to Mot. for Abstention at 2.

well as state law claims of negligence and loss of consortium. They filed the identical claims in an amended petition in the Missouri Action on or about October 14, 2008. Separate defendants argue the Court should abstain from hearing the instant case because of the pending Missouri Action.

## Standard of Review

Although a federal court has a "virtually unflagging obligation" to exercise its jurisdiction, under truly "exceptional circumstances" a federal court may decline to exercise its jurisdiction where a parallel state action is pending. *Colorado River Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983). In *Colorado River*, the Supreme Court identified four factors that a federal court should consider in evaluating abstention: whether there is a res over which one court has established jurisdiction; the inconvenience of the federal forum; whether maintaining separate actions may result in piecemeal litigation; and the order in which the state and federal proceedings were filed. In *Cone*, the Supreme Court examined two other factors that had not been discussed in *Colorado River*: whether a question of federal law is present and the adequacy of the state court proceeding to protect the party's rights. "These factors are not intended to be exhaustive, nor are they mechanically applied. Rather, they are pragmatically applied to advance the 'clear federal policy' of avoiding piecemeal adjudication. When examining the factors, 'the balance [is] heavily weighted in favor of the exercise of jurisdiction.'"*Mountain Pure, LLC v. Turner Holdings, LLC,* 439 F.3d 920, 926 (8th Cir. 2006) (citing *Cone*).

## Discussion

The Court must consider whether there exist truly exceptional circumstances justifying

abstention in favor of the Missouri Action. The parties agree that the first two factors mentioned in *Colorado River* are not present here. There was no assumption by either court of jurisdiction over any res or property, nor is there any contention that the federal forum is any less convenient to the parties than the state forum. The remaining *Colorado River* factors-avoidance of piecemeal litigation and the order in which jurisdiction was obtained by the concurrent forums- provide no support for abstention.

In *Colorado River*, a case involving the adjudication of water rights, the danger of piecemeal litigation was paramount. While the two cases here may be duplicative, the issue of piecemeal litigation does not weigh in favor of abstention. The two cases were filed approximately ten days apart. While there are motions to dismiss pending in the Missouri Action, those motions do not involve the merits of the claims.

Plaintiffs' claims involve both federal and state law. The FELA provides for concurrent jurisdiction; however, even with concurrent jurisdiction, the presence of a federal-law issue argues against abstention:

> [O]ur task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction. . . [T]he presence of federal-law issues must always be a major consideration weighing against surrender.

*Cone*, 460 U.S. at 25-6 (italics in original). Plaintiffs argue that if Hancock and Varnell prevail in their motions to dismiss in the Missouri Action, plaintiffs' negligence claims against them will not be adjudicated. Thus, the *Cone* factor - adequacy of the state forum to protect the federal plaintiff - weighs against abstention.

3

Separate defendants Hancock and Varnell argue that plaintiffs' federal lawsuit is vexatious and an attempt to forum shop. They complain plaintiffs filed the instant action shortly before the three-year statute of limitations was about to run, knowing that if the Missouri Action is dismissed for lack of jurisdiction, they have the instant action as a back-up because state savings statutes do not apply to the FELA. Separate defendants state they have no connection with St. Louis and that plaintiffs filed the instant action in order to avoid unfavorable venues in rural Missouri where the case could be transferred should the state court rule in separate defendants' favor.

The Court concludes that exception circumstances do not exist to justify the surrender of jurisdiction and, therefore, the motion for abstention is denied.

## Conclusion

IT IS THEREFORE ORDERED that the motion for abstention [docket entry 25] is denied.

DATED this 9th day of March 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE